IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2009 JAN 21 A 10: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **TIFFANY ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION NO.** |
| **V.** | 3:09cv45 – WKW |
| **DOLGENCORP, INC.**<br>d/b/a Dollar General | |
| **DEFENDANT.** | **TRIAL BY JURY REQUESTED** |

## COMPLAINT

COMES NOW the Plaintiff by and through the undersigned attorneys, and for the causes of action, states the following:

### I. JURISDICTION AND VENUE

1. This action for damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 (FLSA), and 28 U.S.C. §1331. An Opt-in Collective Action is sought under 29 U.S.C. § 216(b).

### II. PARTIES

2. Plaintiff Tiffany Roberts (hereinafter "Plaintiff") is a resident of Lee County, Alabama and performed work for the Defendant in the counties composing the

1

Middle District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203)(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Middle District, Eastern Division.

3. Defendant, Dolgencorp, Inc. d/b/a Dollar General ("Defendant"), does business in the State of Alabama. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s). Defendant is a company doing business in the State of Alabama.

### III. FACTUAL SUMMARY

4. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 3 above as if fully set forth herein.

5. Plaintiff began work with Defendant in January, 2007 as a cashier/stocker at Defendant's store location on South College Street in Auburn, Alabama.

6. Plaintiff's Store Manager was Charles McDonald.

7. Beginning in March, 2007, McDonald instructed Plaintiff not to clock in and out so that he would not go over on his labor cost, and so that overtime hours would not show up in the time keeping system.

8. McDonald would alter the time keeping system on Defendant's computer, removing time worked by Plaintiffs so that Plaintiff was required to work off the clock.

9. Typically, Plaintiff would come in at 6:00 a.m. and would often stay until

8:00 p.m. because other employees would call in sick and she would have to cover their shifts. Additionally, Plaintiff would stay over and stock shelves.

10. Plaintiff worked over forty hours virtually every week.

11. When Plaintiff asked McDonald about his pay, he would go into the back and take cash out of the "Dollar General Literacy Fund."

12. Defendant collects money from customers for this literacy fund as a charitable donation. McDonald used it as his cash bank for this store location to pay Plaintiff and similarly situated co-workers for some of their time "off the clock."

13. McDonald told Plaintiff that if there were not enough cash donations in the Literacy Fund, she would not be paid.

14. On occasion, Plaintiff saw McDonald take cash out of the registers to pay her some of her "off the clock" hours and replaced the cash with return receipts he collected from customers. Despite these tactics by McDonald, there were many weeks where Plaintiff did not receive her pay, including overtime pay.

## IV. COUNT ONE – FLSA VIOLATIONS

15. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Defendant, through its Store Manager, McDonald, regularly and repeatedly violated the FLSA by failing to pay Plaintiff, as well as her co-workers, for

3

all hours worked over forty in a work week at 1.5 times Plaintiff's regular hourly rate of pay.

17. During weeks in which Plaintiff worked over forty hours, Defendant would alter the time and payroll systems in order to avoid having to pay Plaintiff for hours worked in excess of forty hours at 1.5 times her regular hourly rate of pay.

18. Defendant willfully violated the FLSA by failing to pay Plaintiff in accord with that act for all hours worked in excess of forty in a work week.

19. Plaintiff worked approximately 46 hours per week.

20. Plaintiff has been damaged as a result of Defendant's willful violations of the FLSA in terms of back pay.

## V.   COUNT TWO - FLSA VIOLATION – RETALIATION

21. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 20 above as if fully set forth herein.

22. Plaintiff regularly complained about being required to work "off the clock" and not receiving her overtime pay for all hours worked in excess of forty in a work week.

23. On April 15, 2007, Plaintiff was involved in a car accident. She was advised not to do any heavy lifting following that accident.

24. McDonald told Plaintiff that if she could not do her normal job duties then

she would be terminated, which he did one week later.

25. Defendant terminated Plaintiff because of her complaints of being worked "off the clock" and Defendant's failure to pay her for all hours worked in excess of forty in a work week in violation of the FLSA.

26. As a result of Defendant's willful violation of the FLSA and retaliating against Plaintiff for her complaints of Defendant's FLSA violations, Plaintiff has been damaged, suffering loss of pay and other compensatory damages.

## VI. COUNT THREE – WORK AND LABOR

27. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Defendant owes Plaintiff, and other similarly situated employees, one-half hour per work day, including vacation days, arbitrarily deducted from Plaintiff's, and other similarly situated employees, pay for unpaid lunch periods during weeks when they worked under 40 hours. Plaintiff, and other similarly situated employees, performed work during all or most of these lunch periods for the benefit of Defendant for which they were not paid.

29. Defendant also failed to pay Plaintiff and similarly-situated co-workers for time worked for Defendant's benefit pre-shift/post-shift during weeks when they worked under 40 hours.

5

30. As a result of Defendant's actions, Plaintiff, and other similarly situated employees, has been damaged.

## VII. COUNT FOUR – QUANTUM MERUIT

31. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiff is due the value of services rendered on behalf of Defendant on a Quantum Merit basis.

33. As a result of Defendant's actions, Plaintiff, and other similarly situated employees, has been damaged.

## VIII. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff, and other similarly situated employees the amount of their unpaid overtime wages, plus an additional equal amount as liquidated damages, attorneys' fees and costs;

C. For Count Three – Work and Labor, Plaintiff claims compensatory damages;

D.  For such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFF

**OF COUNSEL**:
ARENDALL AND ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 – Facsimile

**SERVE DEFENDANT**:

Dolgencorp, Inc.
c/o CSC-Lawyers Incorporating Service
150 S. Perry Street
Montgomery, AL  36104

7